IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FREDERICK E. MCSWINE, | |
| Petitioner, | 8:21CV375 |
| vs. | |
| STAT OF NEBRASKA, | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before the court on Petitioner Frederick E. McSwine's Petition for Writ of Habeas Corpus (filing 1) brought pursuant to 28 U.S.C. § 2254. After initial review under Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*, I will dismiss the petition without prejudice.

### I. BACKGROUND

Petitioner alleges he was convicted after a jury trial of terroristic threats, kidnapping, first degree sexual assault, and use of a deadly weapon to commit a felony. (Filing 1 at CM/ECF pp. 1–2.) Petitioner was sentenced to 55 to 85 years' imprisonment on October 2, 2013, in the District Court of Lancaster County Case No. CR12-1282. (*Id.* at CM/ECF p. 1.) Petitioner prosecuted an appeal of his convictions and sentences to the Nebraska Court of Appeals, which reversed his conviction and granted a new trial in an opinion entered March 10, 2015. (*Id.* at CM/ECF p. 2); *State v. McSwine*, 860 N.W.2d 776 (Neb. Ct. App. 2015). The State of Nebraska petitioned for further review, and, in an opinion filed January 29, 2016, the Nebraska Supreme Court reversed the Court of Appeals' decision and remanded the matter to the Court of Appeals for further proceedings. (Filing 1 at CM/ECF pp. 2–3); *State v. McSwine*, 873 N.W.2d 405 (Neb. 2016). On remand, the Nebraska Court of Appeals affirmed Petitioner's convictions and sentences. *State v. McSwine*, 890 N.W.2d 518 (Neb. Ct. App. 2017).

Petitioner alleges that he filed a motion for postconviction relief in the District Court of Lancaster County, Nebraska, and an order was entered October 25, 2018, denying Petitioner an evidentiary hearing on "6 of 7" issues. (Filing 1 at CM/ECF p. 3.) Petitioner's state court records, available to this court online,[1] show that Petitioner prosecuted an appeal of the state district court's October 25, 2018 order denying, without an evidentiary hearing, all of his postconviction claims except one. In a Memorandum Opinion filed August 11, 2020, the Nebraska Court of Appeals affirmed the state district court's order. *State v. McSwine*, No. A-18-1082, 2020 WL 4590276 (Neb. Ct. App. Aug. 11, 2020). The Nebraska Supreme Court denied Petitioner's petition for further review on October 15, 2020, and the mandate issued October 30, 2020. As Petitioner acknowledges in his petition, his state postconviction proceedings are still pending, awaiting an evidentiary hearing on his one remaining claim that, as far as I can tell, has yet to be scheduled. (*Id.* at CM/ECF pp. 3–4, 6, 8.)

Petitioner filed his habeas petition in this court on September 27, 2021. (Filing 1.) Petitioner asserts a due process claim based on prosecutorial misconduct as well as claims of ineffective assistance of counsel based on trial counsel's failure to impeach the alleged victim, to call an expert witness, and to challenge the Nebraska rape shield law, and appellate counsel's failure to raise those issues on appeal.

---

[1] This court has been afforded access to the computerized record keeping system (JUSTICE) for the Nebraska state courts. I take judicial notice of the state court records related to this case in *State v. McSwine*, No. CR12-1282, District Court of Lancaster County, Nebraska, and the Nebraska Supreme Court and Court of Appeals appellate case records in A-13-887 and A-18-1082. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts).

## II. DISCUSSION

As set forth in 28 U.S.C. § 2254:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant. . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts before seeking federal habeas relief. *Id*. at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review

to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454–55 (8th Cir. 2005).

To be clear, exhaustion of available state postconviction relief is a necessary prerequisite to seeking federal habeas relief under 28 U.S.C. § 2254. As explained in *Rose v. Lundy*, 455 U.S. 509, 520 (1982):

> [O]ur interpretation of §§ 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court. Just as pro se petitioners have managed to use the federal habeas machinery, so too should they be able to master this straightforward exhaustion requirement.

Here, the petition's allegations and Petitioner's state court records clearly establish that he did not exhaust his available state court remedies *before* filing his habeas case in this forum. Consequently, Petitioner's petition for relief under 28 U.S.C. § 2254 is subject to sua sponte dismissal by this court. *Rose*, 455 U.S. at 520; *Akins*, 410 F.3d at 455.

Petitioner at least implicitly acknowledges that he has not exhausted his available state remedies since he alleges his state postconviction motion is still pending and awaiting an evidentiary hearing. However, it appears Petitioner may have been concerned about the availability of federal habeas relief with respect to his postconviction claims that were denied by the state district court and affirmed on appeal, as he alleges that at least two of the claims raised in his petition were denied in his postconviction motion and on appeal. (*See* Filing 1 at CM/ECF pp. 8–11.) Liberally construed, Petitioner may be alleging that his habeas petition is a "mixed" petition. "A 'mixed petition' is one where at least one claim is exhausted but another is unexhausted." *McLemore v. Frakes*, No. 8:18CV567, 2019 WL 2358433, at *3 n.2 (D. Neb. June 4, 2019). When faced with a mixed petition, district courts have four options available: dismiss the petition without prejudice, stay the petition pending the outcome of state proceedings under *Rhines v. Weber*,

544 U.S. 269 (2005), allow the petitioner to delete all unexhausted claims and proceed on the remainder, or—if the unexhausted claims are meritless—deny them under 28 U.S.C. § 2254(b)(2). *See Rhines*, 544 U.S. at 277–78.

Assuming that the habeas petition is a "mixed petition," I conclude a stay pursuant to *Rhines* would not be appropriate in this case as Petitioner's access to federal habeas review will not be prejudiced if this case is dismissed. Based on his state court records, Petitioner's direct appeal concluded on March 23, 2017, when the Nebraska Supreme Court denied his petition for further review. Therefore, by my calculation, Petitioner's conviction became "final" for purposes of the one-year federal habeas statute of limitations on June 21, 2017, and he filed his state postconviction motion 273 days later on March 21, 2018. *See Gonzalez v. Thaler*, 656 U.S. 134, 150 (2012) (holding that, for petitioners who do not pursue direct review all the way to the United States Supreme Court, a judgment becomes final "when the time for pursuing direct review in [the Supreme Court], or in state court, expires"); *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) ("If the Supreme Court has jurisdiction to review the direct appeal, the judgment becomes final ninety days after the conclusion of the prisoner's direct criminal appeals in the state system.") (citing Sup. Ct. R. 13.1). Pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations period set forth in 28 U.S.C. § 2244(d)(1) is tolled "during [the time] which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Here, the one-year statute of limitations has not expired and is presently being tolled while Petitioner pursues his state postconviction motion. Thus, dismissing this federal petition for habeas relief will not prejudice Petitioner's ability, upon exhaustion of his available state remedy, to file a timely petition for federal habeas review as appropriate.

Based on the foregoing, I will dismiss Petitioner's habeas petition without prejudice for failure to exhaust his available state postconviction remedies.

Lastly, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus (filing 1) is dismissed without prejudice. No certificate of appealability has been or will be issued.

2. A judgment will be entered by separate document.

Dated this 13th day of January, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge